ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 1 1 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BENJAMIN EUGENE JORDAN, #878209, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>JUDGE EDWIN KING, et al., )<br>Defendants ) | 3:05-CV-0104-N |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Connally Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas. Defendants are Judge Edwin King, Dallas County District Attorney Bill Hill, Dallas County Sheriff Transporting Director Ben Click, TDCJ Executive Director Gary Johnson, and an unidentified defense counsel. The court has not issued process in this case. However, on January 28, 2005, the magistrate judge issued a questionnaire to Plaintiff who filed his answers

on March 2, 2005.[1]

Statement of Case: In 1998, following Plaintiff's guilty plea to the offense of credit card abuse in Cause No. F98-48510-TI, Judge King placed Plaintiff on deferred adjudication probation for a ten-year term. (Answer to Questions 1 and 2 of the Magistrate Judge's Questionnaire). In 1999, Plaintiff was indicted for burglary of a building in Cause No. F99-47917. (Answer to Question 1). Thereafter on June 25, 1999, Judge King revoked Plaintiff's deferred adjudication probation, adjudicated him guilty of credit card abuse in Cause No. F98-48510, and sentenced him to ten years imprisonment in TDCJ. (Answer to Questions 1 and 2). Judge King also accepted Plaintiff's guilty plea to burglary of a building in Cause No. F99-47917, and sentenced him to ten years probation. (Answer to Question 1). Judge King then allegedly informed Plaintiff "that he would see [him] in the required 6 months" for shock probation. (Complaint at 4; and Answer to Question 3).

Plaintiff avers that he has not been returned to Dallas County during the last five years to be considered for shock probation. (Complaint at 4). In the 2004 action, he alleged that on January 17, 2000, he was placed on a "transfer chain" to the TDCJ Unit in Huntsville, Texas. (Handwritten attachment to Complaint at 1-2 in Cause No. 3:04cv0949-R). Although Plaintiff was hoping to return to Dallas County to be considered for shock probation, it is unclear if that was the reason for his transfer. (Id.). Nevertheless during a brief stay at the Robertson Unit, still on the "transfer chain" en route to Huntsville, Plaintiff accidentally took the wrong medication.

---

[1] On May 4, 2004, Plaintiff filed a civil rights complaint similar to the one in this case. See Jordan v. Johnson, 3:04cv0949-R (N.D. Tex., Dallas Div.) (presently referred to Magistrate Judge Irma C. Ramirez). The 2004 complaint concentrates on Plaintiff's conviction for burglary of a building in Cause No. F99-47917, whereas the instant complaint focuses primarily on his conviction for credit card abuse in Cause No. F98-48510.

(Id.). He was care flighted to John Sealy Hospital in Galveston to have his stomach pumped, and then was transferred to a psychiatric unit for evaluation. (Id.). By February 2, 2000, Plaintiff was back at the TDCJ Unit that he had left on January 17, 2000. (Id.).

The complaint challenges Defendants' failure to transfer Plaintiff to Dallas County as Judge King had promised at his June 1999 sentencing. He asserts that Judge King failed to consider him and that his defense counsel failed to ensure that Plaintiff would be considered for shock probation within the requisite six-month period of his sentencing. (Id. at 3-4). He further alleges that the remaining Defendants failed to carry out their duty of transporting him from TDCJ to Dallas County to be considered for shock probation. (Id.). Plaintiff requests monetary compensation. (Id. at 4).[2]

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as

---

[2] Plaintiff also seeks to challenge his "unconstitutional sentencing." (Complaint at p. 4 ¶ VI). Whether he is seeking to attack his June 1999 sentencing or seeking earlier or speedier release from confinement, these claims are cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (where a petitioner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'"); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).
   To maintain a habeas corpus action a plaintiff/petitioner must first exhaust his state remedies. See 28 U.S.C. § 2254(b). As reflected in the answers to the questionnaire, Plaintiff has an art. 11.07 application pending in state court. (Answer to Question 15). Moreover, it appears that he is in the process of obtaining his state court record. (See Affidavit and attachment thereto filed on March 4, 2005).

follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

Plaintiff bases the instant § 1983 action on various events and omissions which occurred between June 25, 1999 – when Judge King sentenced Plaintiff and allegedly promised that he "would see [Plaintiff] in the required 6 months" for shock probation – and February 2, 2000, when Plaintiff returned to his assigned Unit. The lengthy delay between the alleged events and omissions and the date of filing of Plaintiff's complaint in this court on January 13, 2005,

4

prompts consideration of the timeliness of this action.[3]

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir.1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. Gonzales v. Wyatt, 157 F.3d 1016, 1019-21 (5th Cir.1998). The court "may raise the defense of limitations *sua sponte*." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir.1999).

In Texas, § 1983 actions are governed by the two-year personal injury limitation period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 514 n. 5 (5th Cir.1995); Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp.2005). While state law is used in determining which statute of limitations applies, it is federal law that establishes as the time of accrual the point "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257.

Under the facts presented by Plaintiff, all claims against Defendants accrued between January 1, and February 2, 2000. Plaintiff does not allege that as of February 2, 2000, he did not know of the injuries that are the bases for his claims against the Defendants, or that, if not tolled, the limitation period did not begin to run on that date. It is clear, therefore, that the limitation

---

[3] The earliest possible date on which Plaintiff can be construed to have filed the complaint in this action is January 6, 2005, – the date on which he signed it and most probably handed it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir.1995) (relying on Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

period began to run as to all Defendants on February 2, 2000, and expired two years later on February 2, 2002. Because Plaintiff did not file his complaint until thirty-five months after the expiration of the two-year statute of limitations, it is clearly time barred. The District Court may thus summarily dismiss this action with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). See Gartrell, 981 F.2d at 256 (holding that court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that the claims asserted are barred by limitations); see also Slack v. Carpenter, 7 F.3d 418, 419 (5th Cir. 1993) (per curiam).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), and 28 U.S.C. § 1915(e)(2)(b)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this _11_ day of _April_, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.